UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CIVIL ACTION NO. 0:14-20-EBA

MARGARET ROSEMARY WRIGHT,                                                   PLAINTIFF,

V.           **MEMORANDUM OPINION
                    AND ORDER**

CAROLYN W. COLVIN,
*Commissioner of Social Security*,                                          DEFENDANT.

\*\*\* \*\*\* \*\*\* \*\*\*

## I.  INTRODUCTION

Plaintiff, Margaret Rosemary Wright, brought this action under 42 U.S.C. § 405(g) to obtain judicial review of the Commissioner's decision to deny her application for supplemental security income ("SSI") benefits.  Upon consent of the parties, this matter has been referred to the undersigned to conduct all proceedings and order the entry of final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. [R. 14].  For the reasons set forth herein, Plaintiff's Motion for Summary Judgment [R. 15] shall be denied, Defendant's Motion for Summary Judgment [R. 16] shall be granted, and Judgment shall be entered affirming the final decision of the Commissioner.

## II.  FACTUAL BACKGROUND & PROCEDURAL HISTORY

Plaintiff alleges that she has been unable to work since June 30, 2011 due to back problems, neuropathy, blood clots in her legs, arthritis, and anxiety. [Tr. at 111].  Due to those medical issues, she filed an application for SSI benefits on October 25, 2011. [Tr. at 176-81].  The Social Security Administration denied her application [Tr. at 111-14] and her request for reconsideration [Tr. at 121-

23]. Plaintiff then requested a hearing before an administrative law judge ("ALJ"). [Tr. at 124]. Subsequently, she testified at a hearing held on March 7, 2013 before ALJ Jerry Meade. [Tr. at 237]. At the hearing, Plaintiff was represented by counsel, Grover Arnett. [Tr. at 237]. During the hearing, the ALJ also heard testimony from a vocational expert ("VE"), Anthony Michael. [Tr. at 237]. After the hearing, the ALJ ruled against Plaintiff in a written decision dated March 28, 2013. [Tr. at 37-50]. Following the adverse decision of the ALJ, Plaintiff properly exhausted her administrative remedies by appealing to the Social Security Appeals Council, which twice denied her requests for review. [Tr. at 1-6]. Plaintiff filed her complaint in this Court on February 9, 2014. [R. 1].

The Court notes that, as required by the regulations, the ALJ considered Plaintiff's claim in accordance with the Social Security Administration's five-step sequential evaluation process. See Jones v. Comm'r of Soc. Sec., 336 F.3d 469, 474 (6th Cir. 2003); C.F.R. § 404.1520; [Tr. at 37-50]. First, the ALJ found that Plaintiff had not engaged in substantial gainful activity since October 25, 2011. [Tr. at 39]. Second, the ALJ determined that Plaintiff had the following severe impairments: "degenerative disc disease status-post lumbar surgery (twice); left heel tendonitis and bursitis; pain disorder; major depressive disorder; and generalized anxiety disorder." [Tr. at 39]. Third, the ALJ found that Plaintiff did not "have an impairment or combination of impairments" that met or medically equaled one of the Commissioner's listed impairments. [Tr. at 41]. Fourth, the ALJ determined that Plaintiff's residual functional capacity ("RFC") allowed her to perform a reduced range of light work, although she could not return to any of her past relevant work. [Tr. at 42-48]. In determining Plaintiff's RFC, the ALJ gave great weight to the opinion of a state-agency consultant, Dr. Robert Schilling. [Tr. at 48]. Fifth, and finally, the ALJ concluded that, given

Plaintiff's age, education, work experience, and residual functional capacity, she could perform certain light-work jobs that existed in significant numbers in the national economy. [Tr. at 49].

### III . STANDARD OF REVIEW

A reviewing court must uphold the findings of the ALJ if they are supported by substantial evidence. See Kirk v. Sec'y of Health & Human Servs., 667 F.2d 524, 535 (6th Cir. 1981); see also 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Richardson v. Perales, 402 U.S. 389, 401 (1971); Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004) (internal citations and quotation marks omitted). If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence. E.g., Smith v. Comm'r of Soc. Sec., 482 F.3d 873, 876 (6th Cir. 2007).

### IV. ANALYSIS

Plaintiff raises just one issue in her motion for summary judgment. She claims that the ALJ improperly relied on a hypothetical to the VE that did not accurately describe her. Plaintiff contends that this resulted in VE testimony that could not serve as substantial evidence to support the ALJ's conclusion that Plaintiff could perform other work. See Smith v. Halter, 307 F.3d 377, 378 (6th Cir. 2001) (citing Varley v. Sec'y of HHS, 820 F.2d 777, 779 (6th Cir. 1987)) ("A vocational expert's testimony concerning the availability of suitable work may constitute substantial evidence [only] where the testimony is elicited in response to a hypothetical question that accurately sets forth the plaintiff's physical and mental impairments."); [R. 15-1 at 14]. Specifically, Plaintiff asserts that, despite giving great weight to state-agency reviewing psychologist Schilling's opinion, the ALJ did

3

not adopt all the restrictions assessed by Schilling.

In particular, Plaintiff claims that the ALJ improperly disregarded a finding made by Schilling in Section I of the Mental Residual Functional Capacity Assessment ("MRFC"). Plaintiff contends that Schilling found moderate difficulties in concentration, persistence, or pace and the ability to complete a normal workday or workweek without interruptions form psychologically-based symptoms but the ALJ improperly failed to include them in his hypothetical.[1]

However, POMS states that Section I "is merely a worksheet to aid in deciding the presence and degree of functional limitations and the adequacy of documentation and does not constitute an RFC assessment." POMS DI 24510.060. Those courts that have addressed the issue have agreed that Section I is merely a worksheet for the evaluator and does not constitute the evaluator's actual RFC assessment. See, e.g., Griffith v. Colvin, No. 6:13-cv-23-DCR, 2013 WL 5536476, at *6 (E.D. Ky. Oct. 7, 2013) ("[S]ection I of the POMS form may be assigned little or no weight because it is not part of the final RFC finding in section III of POMS"); Velez v. Comm'r of Soc. Sec., No. 1:09 CV 0715, 2010 WL 1487599, at *6 (N.D. Ohio Mar. 26, 2010) ("In general . . . the administrative law judge is not required to include the findings in Section I in formulating residual functional capacity."); see also Smith v. Comm'r of Soc. Sec., 631 F.3d 632, 635-37 (3rd Cir. 2010). Thus, it is not error for an ALJ to fail to incorporate Section I findings in a hypothetical to a VE. See

---

[1] It is worth noting that Schilling's "finding" that Plaintiff attempts to rely on was the result of Schilling selecting one of five predetermined options of a one-to-five rating scale on the standard MRFC psychiatric assessment form. See Social Security Program Operations Manual System ("POMS") DI 24510.063 (explaining that "Moderately limited" is one of five prepopulated choices an evaluator may select in response to a statement in section I of an MRFC form). To be clear, Schilling was presented with a statement that read, "The ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods." [Tr. at 104]. In response to this statement, Schilling selected "Moderate limitations" from one of five predetermined options on the form. [Tr. at 104].

Griffith, 2013 WL 5536476, at *6.

Moreover, the ALJ did not altogether disregard Schilling's findings but, rather, relied on Schilling's findings in Section III of the MRFC instead of those in Section I. Section III consists of an evaluator's narrative statement of a claimant's mental capacity rather than answers to predetermined questions. See POMS DI 24510.065 (explaining that, in section III, the evaluator must translate his "preliminary conclusions" (section I's ratings) into a narrative format that usefully describes the claimant's ultimate RFC).

As relevant here, Schilling's narrative conclusion in Section III found that although Plaintiff would have some difficulties working within a schedule and at a consistent pace, she could work in a stable environment. [Tr. at 105]. Further, Schilling determined that Plaintiff could carry out simple directions, maintain regular attendance, and sustain a work routine while at times experiencing some difficulties accepting criticism and adapting to changes in the work setting. [Tr. at 105]. Schilling also found that Plaintiff's difficulties with social interaction could be addressed by limiting her exposure to the general public during episodes of exacerbated symptoms. [Tr. at 105]. These findings led Schilling to conclude that Plaintiff "is able to meet the basic mental demands of work on a sustained basis despite the limitations resulting from any impairment." [Tr. at 105].

Here, the ALJ described Plaintiff's mental limitations to the ALJ in a manner that closely tracked Schilling's narrative statement. Specifically, the ALJ characterized Plaintiff's mental impairments as limiting her to jobs that are low stress, involve only simple instructions, require only occasional decision making, have only occasional changes in the work setting and require only occasional interaction with the public, co-workers, and supervisors. [Tr. at 75]. The ALJ then asked the VE whether Plaintiff could perform jobs existing in significant numbers in the national economy

5

despite her impairments. [Tr. at 75]. The expert identified a few jobs at the light and sedentary levels, including hotel maid, hand packager, inspector, and sorter. [Tr. at 75-76]. It is not error for the ALJ to rely on Section III findings in a hypothetical to a VE. See Griffith, 2013 WL 5536476, at *6; see also Smith v. Halter, 307 F.3d 377, 379 (6th Cir. 2001) (encouraging ALJs to go beyond the simple format of Section I of the MRFC in order "to develop a complete and accurate assessment of [a claimant's] impairment"). Accordingly, it was not error for the ALJ to present Schilling's Section III findings, rather than his Section I findings, to the VE in a hypothetical question.

Nonetheless, relying on Ealy v. Commissioner of Social Security, 594 F.3d 504 (6th Cir. 2010), Plaintiff argues that the ALJ was, in fact, required to include the exact terminology of Schilling's Section I findings in his hypothetical to the VE. [R. 15-1 at 13]. Ealy, however, is distinguishable from the present case. In Ealy, a physician opined that the claimant's concentration and persistence limitations required a restriction to simple, repetitive tasks limited to two-hour segments where speed was not critical. Id. at 516. However, the ALJ only included a limitation to simple, repetitive tasks in his hypothetical question, omitting the two-hour segment and speed limitations. Id. at 515-17. Ealy held that it was error for the ALJ to not incorporate that portion of the physician's Section III narrative conclusions into the hypothetical question to the VE. Id. at 516. The ALJ's error in Ealy is not an issue in the present case because the ALJ did, in fact, fully incorporate Schilling's narrative statements into his hypothetical.

Here, Schilling's Section III narrative statements list the limitations of Plaintiff, and the ALJ properly relied on those limitations in his hypothetical to the VE. In sum, the ALJ's assessment of Plaintiff's limitations is based on substantial evidence, and his hypothetical omitting the specific terminology of Schilling's Section I findings was not erroneous.

V. CONCLUSION

For the foregoing reasons, it is ORDERED that Plaintiff's Motion for Summary Judgment [R. 15] be DENIED, Defendant Commissioner's Motion for Summary Judgment [R. 16] be GRANTED, and that Judgment be entered affirming the final decision of the Commissioner.

Signed March 4, 2015.

Signed By:
*Edward B. Atkins* 
United States Magistrate Judge